IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-53-BO

| | |
|---|---|
| DEXTER EDWARDS AND NICHOLAS EDWARDS, D/B/A EDWARDS LAND & CATTLE,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>GENEX COOPERATIVE, INC.,<br>　　　　　　　Defendant. | O R D E R |

This cause comes before the Court on defendant's motion to dismiss. [DE 15]. Plaintiffs have responded in opposition, defendant did not reply, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is DENIED.

## BACKGROUND

Edwards Land & Cattle (ELC), owned by plaintiffs Dexter and Nicholas Edwards, is a business engaged in the genetic reproduction of elite cattle. ELC stores much of its supply of elite semen and embryos in tanks filled with liquid nitrogen which, for years, has been supplied by defendant Genex Cooperative, Inc. (Genex). The tanks must be refilled every 16 and 20 weeks.

On September 23, 2015, plaintiffs received a letter dated September 17, 2015, from Genex stating that the tanks had been filled on August 31, 2015, but Genex would no longer fill the tanks in the future. Plaintiffs now contend that Genex in fact did not fill the tanks on August 31, 2015, and that plaintiffs lost their existing stock of semen and embryos as a result.

Plaintiffs brought this suit claiming one count of breach of contract against Genex. Genex has moved to dismiss pursuant to the economic loss rule.

DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

> North Carolina's economic loss doctrine provides that a breach of contract does not ordinarily 'give rise to a tort action by the promisee against the promisor.' More specifically, it 'prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk.' In cases arising out of the sale of failed goods, the economic loss doctrine thus bars 'recovery for purely economic loss in tort, as such claims are instead governed by contract law.'

*Severn Peanut Co. v. Indus. Fumigant Co.*, 807 F.3d 88, 94 (4th Cir. 2015) (citations omitted).

Here, defendant filed a motion to dismiss on the grounds that plaintiff's use of the terms "negligence" and "grossly negligent" in the text of its breach of contract claim is insufficient to create causes of action for negligence and gross negligence and, moreover, that any claim for negligence or gross negligence in this case would be barred by the economic loss rule.

Plaintiffs responded that their only claim is for breach of contract—not negligence or gross negligence. Plaintiffs assert that they understand the rationale of the economic loss rule and

2

explain that the terms "negligence" and "grossly negligent" were used to explain *how* defendant breached the contract—as opposed to an intentional breach—rather than to state additional claims. Accordingly, plaintiffs argue the economic loss rule is of no moment, and the motion to dismiss should be denied.

Bearing in mind the appropriate Rule 12(b)(6) standard, the Court agrees with plaintiff's position and denies the motion to dismiss.

## CONCLUSION

Defendant's motion to dismiss is hereby DENIED. [DE 15].

SO ORDERED, this 29 day of July, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE