IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-53-BO

| | | |
|---|---|---|
| DEXTER EDWARDS and NICHOLAS EDWARDS d/b/a EDWARDS LAND & CATTLE, | ) ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| GENEX COOPERATIVE, INC., | ) ) | |
| Defendant. | ) | |

This case comes before the court on two motions filed by defendant Genex Cooperative, Inc. ("defendant"): a motion (D.E. 29) to compel discovery and a motion (D.E. 32) to modify the Scheduling Order (D.E. 20, amended at D.E. 23). In their response to the motions (D.E. 34), plaintiffs indicate that they do not oppose either motion.

**Motion to Compel**

There being no opposition, defendant's motion to compel is ALLOWED on the following terms:

1. As soon as practicable but in no event later than 3 April 2017, plaintiffs shall serve on defendant supplemental responses to defendant's first set of interrogatories. The supplemental responses shall be duly verified and provide all information sought by the interrogatories that plaintiffs did not provide in their initial response. The additional information plaintiffs shall include in their supplemental responses includes, but is not necessarily limited to, the following sought by defendant: registration numbers, dates of collection and/or transfer, embryo quality codes and breed codes, and any comments reflected in the Certificate of Embryo Recovery Sheets.

2. As soon as practicable but in no event later than 3 April 2017, plaintiffs shall also serve on defendant all documents sought in defendant's first set of requests for production not already produced to defendant, along with a duly signed supplemental response to the production requests. The additional documents plaintiffs shall serve on defendant include, but are not necessarily limited to, the Certificate of Embryo Recovery Sheets.

3. Plaintiffs may withhold from the production of information and documents ordered in paragraphs 2 and 3 any information or documents otherwise required to be produced as to which they claim a privilege or work-product production. No such claim of privilege or work-product protection shall be effective unless plaintiffs serve with their supplemental responses a log of such withheld information and documents meeting the requirements of Fed. R. Civ. P. 26(b)(5)(A).

4. The court finds that the award of expenses on defendant's motion to compel would be unjust. Plaintiffs and defendant shall accordingly bear their respective expenses incurred on the motion. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

## Motion to Modify Scheduling Order

There being no opposition to the motion to modify the Scheduling Order and the court finding the modifications sought by it to be reasonable, the motion is ALLOWED. The Scheduling Order is modified as follows:

1. All discovery shall be commenced in time to be completed by 14 July 2017.

2. Reports from retained experts are due from defendant by 15 May 2017. Defendant shall make its retained experts available for deposition by 15 June 2017.

3. Mediation shall be completed by 15 September July 2017.

4. Any potentially dispositive motions shall be filed by 15 September 2017.

5. Motions to join additional parties and amend pleadings must be made promptly, but in no event later than 5 May 2017 by defendant.

6. All other deadlines and other terms in the existing Scheduling Order remain in effect.

SO ORDERED, this 13th day of March 2017.

James E. Gates
United States Magistrate Judge